# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| Sean Mathers, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | **ORDER OF DISMISSAL FOR** |
| | ) | **FAILURE TO PROSECUTE** |
| vs. | ) | |
| | ) | |
| Adam Abney, | ) | Case No. 1:15-cv-107 |
| | ) | |
| Defendant. | ) | |

## I. BACKGROUND

Plaintiff initiated the above-entitled action by on August 11, 2015, claiming to have suffered serious and permanent injuries in an automobile accident proximately caused by defendant's negligence. On May 10, 2016, the court held a scheduling conference with the parties and issued a scheduling order. It also scheduled a final pretrial conference for May 23, 2017, and a jury trial for June 6, 2017.

On November 10, 2016, Attorney Lindsay Wilz filed a motion for leave with withdraw as counsel for plaintiff. In an accompanying memorandum and affidavit (Docket Nos. 19-20), she advised that she and plaintiff had disagreements about how the case should be handled, that she was having difficulty contacting plaintiff, and that she not gotten plaintiff's full cooperation in responding to discovery requests.

On December 13, 2016, the court granted Ms. Wilz's motion and authorized her to withdraw as plaintiff's counsel. Plaintiff is presumably proceeding *pro se* as no attorney has since entered an appearance on his behalf.

On April 19, 2017, the court issued an order in which it: (1) scheduled a status conference with the parties by telephone on May 9, 2017, at 11:00 a..m.; and (2) directed that, prior to the status

1

conference, plaintiff was to provide the court with a telephone number at which he could be reached.

On April 19, 20177, defendant filed a motion to dismiss the above entitled action with prejudice pursuant to Fed. R. Civ. P. 37. (Docket No. 28). The basis for the motion was that plaintiff had failed to fully responded to all of the discovery requests served upon him in August 2016 and had otherwise been incommunicado. An affidavit of service filed by defendant evinces that defendant's motion and supporting documents were delivered to plaintiff's address on April 24, 2017, at 12:43 p.m. (Docket No. 30).

On May 9, 2017, the court convened a status conference. Notably, plaintiff did not provide the court with a telephone number as directed or otherwise update his contact information prior to the conference. The court called plaintiff at telephone number provided by Ms. Wilz's office. No one answered. Court staff left a voice mail message, to which no one has yet responded.

## II.   DISCUSSION

"Federal Rule of Civil Procedure 37(b)(2)(C) authorizes the court to impose sanctions upon parties who fail to comply with discovery orders; however, dismissal may be considered as a sanction only if there is: (1) an order compelling discovery; (2) a willful violation of that order; and (3) prejudice to the other party." Keefer v. Provident Life and Acc. Ins. Co., 238 F.3d 937, 939 (8th Cir. 2000); Fox v. Studebaker-Worthington, Inc., 516 F.2d 989, 993 (8th Cir. 1975) (When imposing such a sanction as drastic as dismissal, the court's "range of discretion is more narrow and the losing party's non-compliance must be due to wilfulness, fault or bad faith."). [B]efore imposing the sanction of dismissal, fairness requires a court to consider whether a lesser sanction is available or appropriate." Id. "The district court is not, however, constrained to impose the least onerous sanction available, but may exercise its discretion to choose the most appropriate sanction under the

2

circumstances." Id.; see also Aziz v. Wright, 34 F.3d 587, 588 (8th Cir. 1994); Tyler v. Iowa State Trooper Badge No. 297, 158 F.R.D. 632, 636 ( N.D. Iowa 1994).

In isolation, plaintiff's failure to comply with discovery requests and otherwise ignore defendant's efforts to initiate a dialog are arguably insufficient to justify outright dismissal pursuant to Fed. R. Civ. P. 37. This is not plaintiff's only failure, however.

It is apparent from the record that plaintiff failed to cooperate with and make himself available to his former counsel. He also failed to comply with this court's directive to update his contact information. And he failed to make himself available for the telephone conference on May 9, 2017. Collectively, these failures paint a portrait of an individual who has demonstrated little if any initiative and whose interest in prosecuting this matter has waned.

Fed. R. Civ. P. 41 (b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). "Under Fed. R. Civ. P. 41(b), a district court may, on its own motion, dismiss an action for the plaintiff's failure to comply with any court order, and such dismissal operates as an adjudication on the merits." American Inmate Paralegal Assoc. v. Cline, 859 F.2d 59, 61 (8th Cir. 1988) (recognizing that the "district court's exercise of this power is within the permissible range of its discretion if there has been a clear record of delay or contumacious conduct by the plaintiff"); As the United States Supreme Court reasoned in Link v. Wabash. R. Co,:

> Neither the permissive language of [Rule 41(b)]--which merely authorizes a motion by the defendant--nor its policy requires us to conclude that it was the purpose of the

3

Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief. The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to 631 achieve the orderly and expeditious disposition of cases.

370 U.S. 626, 623-33 (1962).

"Dismissal with prejudice is a harsh sanction which should be imposed only after balancing the policy of giving the plaintiff [his] day in court against policies of preventing undue delay, avoiding court congestion, and preserving respect for court procedures." Garrison v. Int'l Paper Co., 714 F2d 757, 659-60 (8th Cir. 1983). "In striking this balance, all the facts and circumstances of the case must be considered." Id. (opining that the egregiousness of plaintiff's conduct is the most important factor for the court to consider); see also Trotter v. Larson, 636 Fed. App'x 371 (8th Cir. 2016) (opining that dismissal with prejudice for failure to prosecute "is only proper where there has been a clear record of delay or contumacious conduct by the plaintiff" and lesser sanctions prove futile." (internal quotations marks omitted)). Mulbah v. Detroit Bd. of Educ., 261 F.3d 586, 590 (6th Cir. 2001) (considering "four factors in assessing the appropriateness of a district court's decision to dismiss a complaint for failure to prosecute: (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action.

The court finds that dismissal of the above-entitled action is appropriate under the

4

circumstances. The fact that a plaintiff is proceeding *pro se* does not excuse him from complying with court orders or substantive and procedural law. Farnsworth v. City of Kansas City, Mo., 863 F.2d 33, 34 (8th Cir. 1988); Am. Inmate Paralegal Assoc. v Cline, 859 F.2d at 61; Burgs v. Sissel, 745 F.2d 526, 528 (8th Cir. 1984). Plaintiff has willfully ignored the court's directive. He also been uncooperative and otherwise unresponsive with his own counsel, defense counsel, and the court. This matter has been at a stand still for a considerable amount of time. Absent any action taken by the court, this matter will continue to languish on the docket indefinitely.

## III.    CONCLUSION

Defendant's motion to dismiss (Docket No. 28) is deemed **MOOT**. The court on its own motion dismisses the above entitled action with prejudice pursuant to Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

Dated this 31st day of May, 2017.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr., Magistrate Judge
United States District Court
